# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON – SEATTLE DIVISION**

| | | |
|---|---|---|
| LOZANO, et al., | ) ) ) | 2:22-mc-00078-RSL |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| DOE, et al., | ) ) ) | |
| Defendants | | |

**DECLARATION OF STEFANIA JOANNE RAMOS BIRCH ESQ.**
**IN SUPPORT OF THIRD-PARTY'S MOTION TO QUASH SUBPOENA**

I, Stefania Joanne Ramos Birch Esq., declare:

1. My name is Stefania Joanne Ramos Birch, and I am an attorney residing in the State of Washington, licensed in the States of Washington and California. I am an immigration law practitioner who owns and operates a solo practice located in Lynnwood, Washington. I primarily work with the immigrant community offering legal services in the areas of deportation defense, family-based petitions, asylum, citizenship, residency, and humanitarian benefits such as protection under the Violence Against Women Act ("VAWA"), U-Nonimmigrant Status, and T-Nonimmigrant Status.

2. The underlying Complaint was filed on August 10, 2022 in the Southern District of Ohio, *Lozano, et al. v. Doe, et al.*, 2:22-cv-03089.

3. Plaintiffs in the underlying matter are: Alexandra Lozano ("Plaintiff Lozano"), an immigration attorney licensed in and residing in the State of Washington; Angelyne Lisinski ("Plaintiff Lisinski"), an immigration attorney licensed in and residing in the State

of Ohio; and Gulia Fantacci ("Plaintiff Fantacci"), an immigration attorney licensed in and residing in the State of Florida.

4. Former Plaintiff Lauren Eagan, an immigration attorney licensed in the District of Columbia and residing in the State of Virginia, filed a Motion to Withdraw as a Plaintiff from the litigation on August 23, 2022, which was granted on August 24, 2022.

5. On August 10, 2022, concurrent with the filing of the Complaint, Plaintiffs filed a Motion for Leave to Serve Third Party Subpoenas prior to a Rule 26(f) conference.

6. On August 12, 2022, United States Magistrate Judge Kimberly A. Jolson granted Plaintiffs' motion.

7. On September 16, 2022, I was served with a third-party subpoena for deposition and document production in this matter with a deadline of October 7, 2022.

8. The subpoena requests documents and/or communications, including text messages, e-mails, and social media posts referring or related to Plaintiff Lozano and/or Alexandra Lozano Immigration Law, Plaintiff Lisinski and/or Lisinski Law, Plaintiff Fantacci and/or DF Immigration, and the phrase "arreglar sin salir" from June 2020 to present.

9. As I am not a party to the complaint, I had no notice of the suit prior to September 16, 2022. The subpoena thus required me to comply approximately 21 calendar days after service.

10. I am profoundly concerned regarding the present discovery demand as its request for several years of text messages, e-mails, and social media posts is overbroad, overly burdensome, and an invasion of my privacy. Plaintiffs' counsel does not indicate why June 2020 to present is a relevant discovery timeframe, and without explanation is overbroad and arbitrary.

11. Additionally, I believe that Plaintiff Lozano, through counsel, pursued the third-party subpoena against me as retaliation for a comment that I posted on a thread in a private, attorney-only Facebook group in approximately February of 2021, and that she selected the Southern District of Ohio as venue for the present Complaint because, unlike the States of Washington and California, Ohio does not have anti-SLAPP statutes.

12. The comment that I made on the thread in the private Facebook group was to voice my concerns regarding ethical issues related to Plaintiff Lozano's practice of immigration law in the State of Washington. Previously, a client consulted with me for a second opinion after first consulting with Plaintiff Lozano, and indicated that Plaintiff Lozano encouraged him/her to retain her for legal services in the amount of $12,000 to apply for an immigration benefit under VAWA. In order to qualify under VAWA, there must be a finding of battery or extreme cruelty by a U.S. citizen or lawful permanent resident family member. When the client consulted with me, s/he unequivocally indicated that s/he was not subjected to battery or extreme cruelty by their U.S. citizen or lawful permanent resident family member and yet she was encouraged by Plaintiff Lozano to mislead the government in an application for VAWA benefits. Thus, I determined that my client was ineligible for VAWA as previously claimed by Plaintiff Lozano and that Plaintiff Lozano was encouraging him/her to mislead the government for financial benefit ($12,000). My comment on the Facebook thread indicated my concerns to a private group of immigration law practitioners.

13. On the aforementioned Facebook thread, numerous other immigration attorneys posted similar client experiences with Plaintiff Lozano and expressed serious concerns over her business practices as well as deceptive tactics to retain clients. For context, most non-

immigrants who enter the U.S. without inspection must leave the U.S. in order to regularize their immigration status, save for a limited number of exceptions. However, Plaintiff Lozano uses the tagline "arreglar sin salir" or "fix without leaving" heavily in her social media marketing, as though she can help most people to regularize their status without having to follow the normal process of leaving the U.S. She relies on a narrow exception to the general rule based on VAWA (which requires a finding of battery or extreme cruelty by a U.S. citizen or lawful permanent resident family member). Plaintiff Lozano's business practices and social media marketing has been highly controversial within the immigration legal community and resulted in immigration practitioners discussing her practices on the aforementioned Facebook thread.

14. I believe that it is our duty, as lawyers and officers of the court, to openly discuss ethical issues as they affect our practice and our clients, especially as they pertain to a particularly vulnerable group of the immigrant population.

15. On March 11, 2021, I received a letter via email from Plaintiff Lozano, through counsel unlicensed in the State of Washington, entitled: "*Immediate Action Required – Removal of Defamatory Posts on Facebook*" (essentially a cease-and-desist demand). Plaintiff Lozano accused me of alleged "defamation" and demanded the removal of my comment on the Facebook post within 5 calendar days or threatened the initiation of litigation against me. Plaintiff Lozano, through counsel, also sent approximately 25-30[1] of these cease-and-desist letters to immigration attorneys located all over the United States, similarly alleging "defamation" and threatening litigation. (These attorneys also posted comments on the

---

[1] This is my best approximate guess as to how many cease-and-desist letters were sent to immigration attorneys across the U.S.

Facebook thread). Upon learning of the voluminous cease-and-desist letters, the Facebook administrator of the private group almost immediately removed the thread in its entirety, *ipso facto* my comment. Thereafter, Plaintiff Lozano did not initiate any legal proceedings against me. For a year and a half, the matter *seemed* resolved.

16. After receiving service of Plaintiff Lozano's subpoena on September 16, 2022, I contacted Plaintiffs' counsel via telephone on that date and spoke with Senior Counsel Kristen Fraser at Organ Law LLP in Ohio, the attorneys for Plaintiffs. As a non-defendant to the underlying suit, I had no prior knowledge regarding the litigation nor the legal claims at issue therein. I asked her what the litigation was regarding and was informed that it was about reports being made against Plaintiffs' advertising videos on Facebook, TikTok, and Glassdoor such that the videos were being removed by the social media platforms. (I have since read the Complaint in its entirety and am now aware of the lawsuit's underlying legal issues). Plaintiff's counsel made it seem like I was only a person of interest for discovery and deposition due to the prior cease-and-desist demand previously sent by Plaintiff Lozano.

17. During that conversation, I informed Plaintiffs' counsel that I am nine months pregnant with an imminent due date and unable to perform discovery or sit for a deposition on October 7, 2022. Plaintiffs' counsel indicating understanding of my medical situation and suggested moving discovery and deposition to November or December.

18. On September 21, 2022, Plaintiffs' counsel then requested via email document discovery by October 14, 2022 and a Zoom deposition during the third or fourth week of September. On September 23, 2022, I responded to Plaintiffs' counsel with correspondence from my medical provider indicating that my due date is October 17, 2022, I am having pregnancy-

related medical complications, and therefore cannot be expected to be in court or sit for a deposition at any point after October 1, 2022. I indicated via email that my earliest availability would be December. On September 27, 2022, Plaintiffs' counsel requested document production and deposition on December 12.

19. I have not engaged in any of the conduct alleged in the Complaint (online harassment, reporting of social media posts, tortious interference with business relations, intellectual property infringement, etc.) against any of the Plaintiffs.

20. Furthermore, I do not have knowledge of the person, persons, or entities purportedly responsible for the conduct alleged in the Complaint.

21. I have no connection whatsoever to the conduct alleged in the Complaint nor to the legal issues specified therein.

22. Plaintiff Lozano is an immigration practitioner in the same general area as my law office and we have had prior mutual clients in common. I know of her in a professional capacity only. Prior to the receipt of the third-party subpoena on September 16, 2022, I had no prior knowledge of Plaintiff Lisinski or Plaintiff Fantacci or their law offices. I have no professional or social media contacts with either of them. I have engaged in no activity of any kind related to them.

23. I have no contacts with the State of Ohio or Plaintiff Lisinski (the sole Ohio Plaintiff) related to this matter. Therefore, I lack sufficient contacts with the State of Ohio to support the personal jurisdiction of the United States District Court for the Southern District of Ohio to support that court's issuance of a subpoena to me in that venue.

24. I did not and have not harassed Plaintiff Lozano, or any of the other Plaintiffs, as alleged in the Complaint, am I not listed as a defendant in their case, and I have no contacts with

the State of Ohio or Ohio Plaintiff Lisinski to support the personal jurisdiction of the United States District Court for the Southern District of Ohio.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct.

Executed on September 30, 2022, in Lynnwood, Washington.

STEFANIA J. RAMOS BIRCH ESQ.
Declarant

**SWEDISH OBGYN EDMONDS**
21616 76TH AVE W STE 205
EDMONDS WA 98026-7512
Phone: 425-640-4810
Fax: 425-640-4884



**SWEDISH**
MEDICAL GROUP

September 23, 2022

Re:    **Stefania Joanne Ramos Birch**
DOB:   **11/18/1988**

To Whom it May Concern:

Stefania Joanne Ramos Birch is under our care for her pregnancy. Her estimated date of delivery is 10/17/22. She is having medical complications and therefore cannot be expected to be in court or sit for deposition at any point after October 1.

Please do not hesitate to call our office if you have questions.

Sincerely,

Randolph Bourne, MD

26626558

