**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISCTRICT OF WASHINGTON– SEATTLE DIVISION**

LOZANO ET AL,

      Plaintiffs/Respondents

v.

DOES I-X, ET AL,

      Defendants,

v.

BIRCH,

      Petitioner.

Civil Misc. Action No. 2:22-mc-00078

Judge Robert S. Lasnik

**DECLARATION OF ATTORNEY KIRSTEN R. FRASER**

1.    My name is Kirsten Fraser.  I am an attorney for Plaintiffs Alexandra Lozano, Angelyne Lisinski, and Giulia Fantacci ("Plaintiffs").  I am over the age of 21 and competent to testify.

2.    I represent Plaintiffs in an action pending before the Southern District of Ohio, in which Plaintiffs have filed claims against unknown defendants (the "Doe Defendants") (the "Doe Litigation").

3.    In order to determine the identities of the Doe Defendants in the Doe Litigation, I filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference, which was granted by Magistrate Judge Jolson on August 12, 2022.

4.    On or about September 14, 2022, I executed a third party subpoena on Stefania Ramos Birch, requesting documents, and requesting that Ms. Birch sit for a brief deposition.

1

5. The subpoena was served on Ms. Birch on or about September 16, 2022. Ms. Birch called me that same day, and we spoke on the phone. In our conversation, Ms. Birch told me that she was pregnant and asked that the date of her deposition be moved. I of course told Ms. Birch that we would work with her so as not to put undue stress on her before her due date. Ms. Birch also asked me for guidance on what types of communications we were looking for in our document requests. I explained to Ms. Birch the types of communications that were being sought, and that the subject matter related to identifying the Doe Defendants.

6. On the morning of September 21, 2022, I emailed Ms. Birch regarding document requests, and scheduling the deposition. A true and correct copy of that email is attached to this declaration as Attachment A. In that communication, I asked Ms. Birch if October 14th "would be reasonable" as a deadline for the document production. I also suggested conducting a Zoom deposition the following week "so that it is not looming over [Ms. Birch's] head," or suggested a date in "mid to late November or early December."

7. Late in the afternoon of September 22, 2022, I again emailed Ms. Birch, following-up on my email from the prior day. Ms. Birch responded that her ability to respond to emails was limited due to her pregnancy, and that she would be able to respond to me the following day. I responded to Ms. Birch and apologized if my email had pestered her, and assured her I was simply following-up because often my emails go to junk boxes the first time I email new accounts. A true and correct copy of this email string is attached as Attachment B.

8. On September 23, 2022, Ms. Birch emailed me a letter from her medical provider, and indicated her earliest availability would be December 2022. I responded a few days later,

on September 27, 2022, and stated that I had "no intention of trying to disturb [Ms. Birch] before the birth of [her] child, and especially in the weeks after." I asked if December 12, 2022 would be acceptable to schedule her deposition and document production, and asked for a date that worked best for her. A true and correct copy of that email string is attached as Attachment C.

9. I did not receive any further communications from Ms. Birch. Due to our discussions and emails, I understood that Ms. Birch had no objections to the subpoena, and that the only issue was scheduling a date, which I was flexible on, due to her pregnancy. At no time did Ms. Birch ever request to meet and confer regarding the document requests beyond our initial conversation in which I described to her the communications we were looking for, or voice any objections.

10. Thus, it was to my surprise that late on September 30, 2022, Ms. Birch filed a Motion to Quash with this Court. When I read the Motion, I was even more surprised, because it was virtually identical to a Motion to Quash that had been filed in the Southern District of Texas by a different third party witness. A true and correct copy of that Motion to Quash is attached as Attachment D.

11. I have been made aware that a copy of this Motion to Quash has been circulating in a private Facebook group, and that my clients are referred to in that Facebook group as the "arreglar sin salir" attorneys. A true and correct copy of a relevant screenshot is attached as Attachment E.

12. At no time prior to the filing of the Motion to Quash did Ms. Birch ever seek to meet and confer with me regarding the scope of the requested discovery, or to come to any agreement regarding the requested discovery before seeking intervention from this Court.

3

13. On October 13, 2022, I filed a motion in the Southern District of Ohio, requesting clarification as to the scope of the Southern District of Ohio's August 12, 2022 Order granting third party discovery, and/or requesting explicit authorization to serve document requests on third party witnesses. As of the date of this filing, that motion is still pending.

14. All statements are based on my personal knowledge.

15. I declare under penalty of perjury that the foregoing is true and correct.

Kirsten R. Fraser, Esq.

Date 10/17/2022